# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 12-20083-11-KHV |
| PETER PARK, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 17, 2015, the Court sentenced defendant to 90 months in prison. This matter is before the Court on defendant's Motion For Appointment Of Counsel Pursuant To 18 U.S.C. § 3006A (Doc. #2363) and defendant's Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner (Doc. #2364), both filed October 24, 2016. For reasons stated below, the Court overrules defendant's motions.

**I.   Motion For Appointment Of Counsel (Doc. #2363)**

Defendant asks the Court to appoint counsel to assist in the prosecution of his motion for relief under 28 U.S.C. § 2255. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a post-conviction motion such as one under 28 U.S.C. § 2255 unless the Court determines that an evidentiary hearing is required. Rule 8(c) of the Rules Governing Section 2255 Proceedings; see Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Evans, 51 F.3d 287, 1995 WL 139420, at *1 (10th Cir. 1995); Swazo v. Wy. Dep't of Corr. State Penitentiary Warden, 23 F.3d 332, 333 (10th Cir. 1994). In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his claims; and (4) the

complexity of the claims involved. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). Defendant appears to be able to adequately present his claims and the claims do not appear to be complex. Accordingly, at this preliminary stage, the Court declines to appoint counsel.

## II.    Application To Proceed In Forma Pauperis (Doc. #2364)

Defendant apparently seeks in forma pauperis status for the filing of his motion to vacate his sentence under 28 U.S.C. § 2255. The Court overrules defendant's request as moot because no filing fee is required for a Section 2255 motion. See United States v. Garcia, 164 F. App'x 785, 786 (10th Cir. 2006). The Court recognizes that defendant financially qualifies for in forma pauperis status and may be entitled to copies of documents if the Court orders expansion of the record and finds that certain documents or transcripts are relevant. See Rule 7 of the Rules Governing Section 2255 Proceedings (if motion not summarily dismissed, court may order expansion of record to include additional materials relevant to motion); 28 U.S.C. §§ 753, 2250; see also Brown v. N.M. Dist. Court Clerks, 141 F.3d 1184, 1998 WL 123064, at *3 n.1 (10th Cir. Mar. 19, 1998) (to obtain free copy of transcript, habeas petitioner must demonstrate claim not frivolous and materials needed to decide issue presented by suit); United States v. Sistrunk, 992 F.2d 258, 260 (10th Cir. 1993) (under 28 U.S.C. § 753(f), indigent defendant entitled to free copy of transcript on showing of particularized need); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner does not have right to free transcript simply to search for error in record); see also United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998) (motion for free transcript under Section 753 not ripe until Section 2255 motion has been filed). At this stage, defendant has not asked for any specific documents or shown that any particular documents are necessary to support his claims. The Court therefore overrules defendant's request.

**IT IS THEREFORE ORDERED** that defendant's Motion For Appointment Of Counsel Pursuant To 18 U.S.C. § 3006A (Doc. #2363) filed October 24, 2016 is **OVERRULED**.

**IT IS FURTHER ORDERED** that defendant's Application To Proceed Without Prepayment Of Fees And Affidavit By A Prisoner (Doc. #2364) filed October 24, 2016 is **OVERRULED**.

Dated this 27th day of October, 2016 at Kansas City, Kansas.

    s/ Kathryn H. Vratil
    KATHRYN H. VRATIL
    United States District Judge